UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CIRCLE LOGISTICS INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Cause No.  1:23-cv-00104-HAB-SLC |
| | ) |
| **FIRST BRANDS GROUP LLC,** | ) |
| *formerly known as* **TRICO Group, LLC,** | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On March 10, 2023, Defendants removed this action to this Court from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendants' allegations in the notice of removal pertaining to citizenship, however, are deficient.

As Defendants acknowledge, the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Defendants recite in the notice of removal that Defendant First Brands Group, LLC, "is a limited liability company whose parents, members, and owners are solely comprised of citizens of Ohio and Delaware," and thus "First Brands is a citizen of Ohio and Delaware for diversity purposes." (ECF 1 ¶ 13). Similarly, as to Defendants FRAM

Group Operations, LLC, and Brake Parts, Inc., LLC,[1] Defendants recite that each is a "limited liability company the sole member of which is another limited liability company, the sole member of which is, in turn, First Brands," and that as such, each of these Defendants is a citizen of Ohio and Delaware for diversity purposes. (*Id.* ¶¶ 15, 17).

However, a "naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes). In turn, for any member who is an unincorporated association such as an LLC or partnership, Defendants must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).[2]

Another issue in the notice of removal is that in paragraph 7, Defendants state that Defendant "Brake Parts, Inc., LLC," is the correct name of this Defendant, but then refer to it in the next sentence as "Brake Parts, Inc." again. (ECF 1 ¶ 7). Given that the purportedly correct name of this Defendant includes both "Inc." and "LLC," the Court asks that Defendants confirm

---

[1] Defendants state that Defendant FRAM Group Operations, LLC, was improperly named in the complaint as FRAM Group Operating, LLC, and that Defendant Brake Parts, Inc., LLC, was improperly named in the complaint as Brake Parts, Inc. (ECF 1 at 1 n.1).

[2] Further, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

to the Court that this entity is actually an LLC and not a corporation.

As the parties seeking to invoke federal diversity jurisdiction, Defendants bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). They have not yet done so. Therefore, Defendants are AFFORDED to and including March 28, 2023, to FILE a supplemental jurisdictional statement that adequately alleges Defendants' citizenships for diversity jurisdiction purposes.

An additional note, both of the corporate disclosure statements filed by the parties (ECF 2, 5) do not comply with this Court's General Order 2023-06. Therefore, Plaintiff and Defendants are each AFFORDED to and including March 28, 2023, to FILE an amended corporate disclosure statement that complies with General Order 2023-06.

SO ORDERED.

Entered this 15th day of March 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge